ACCEPTED
12-15-00036-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/13/2015 9:19:01 AM
CATHY LUSK
CLERK

## CAUSE NOs. 12-15-00034-CR, 12-15-00035-CR & 12-15-00036-CR

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF APPEALS |
| | § | |
| | § | 12th JUDICIAL DISTRICT |
| | § | |
| DONALD LEE GRAY | § | TYLER, TEXAS |

12th COURT OF APPEALS
TYLER, TEXAS
2/13/2015 9:19:01 AM
CATHY S. LUSK
Clerk

---

### STATE'S RESPONSE TO NOTICE OF APPEAL

---

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through her Assistant Criminal District Attorney, and in opposition of the Notice of Appeals filed by the applicant in the above-styled causes respectfully states the following to the Court based on its information and belief:

### I. HISTORY OF THE CASE

The Applicant, Donald Lee Gray, was indicted in Cause Nos. 241-2620-06, 241-2621-06, & 241-2622-06, filed in the 241st District Court of Smith County, Texas, with the offenses of Improper Photography or Visual Recording. On September 25, 2007, Applicant, with counsel, was fully admonished as required by law and persisted in entering negotiated pleas of guilty to the charge contained in these indictments. After hearing evidence and argument of counsel, the Court assessed a sentence of one (1) year confinement in a State Jail facility in each case. The sentences imposed have been fully discharged.

The defendant waived any appeal and /or motions to arrest the judgments as part of his plea agreement with the State.

On December 18, 2014, Applicant filed his first writ application under Art. 11.07 of the Code of Criminal Procedure in each of these cases. The State filed an answer. On January 12, 2015, Judge Jack Skeen, Jr., entered findings of fact and conclusions of law and recommended that relief be denied pursuant to Art. 11.07, Sec. 3 (c), of the Code of Criminal Procedure. On January 22, 2015, the appellate clerk for the Smith County District Clerk's office sent the appropriate paperwork to the Court of Criminal Appeals as also required by Art. 11.07, Sec. 3 (c), of the Code of Criminal Procedure.

On February 11, 2015, the undersigned received a copy of the applicant's notice of appeal to this Court.

## II. There is no appeal provided for under the Rules of Appellate Procedure or the Code of Criminal Procedure from a convicting court's findings of fact and conclusions of law in an Art. 11.07 habeas application.

Applicant asserts that he wishes to appeal from the trial court's findings of fact and conclusions of law issued in these cases by Judge Skeen in the 241st District Court. However, such findings do not constitute an appealable order under either the Rules of Appellate Procedure, or the Code of Criminal Procedure.

"The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Art. 11.07 of the Texas Code of

Criminal Procedure." *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex.Crim.App. 1996). Consequently, an intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex.App. - Texarkana 2005, *orig. proceeding*); *Rodriguez v. State*, N0. 03-04-00076-CR, 2004 Tex.App. LEXIS 2876 (Tex.App. - Austin Apr. 1, 2004, *no pet.*) (not designated for publication). Most respectfully, Applicant cannot show this Court that it has the jurisdiction to consider or review the findings of fact in an Art. 11.07 habeas application and these cases should be dismissed for a want of jurisdiction.

### III.     Counsel for Applicant has misstated the facts in his notice of appeal.

In addition, the undersigned wishes the Court to notice that Mr. Volberding has stated in a footnote in the notice of appeal he filed with the Court the following: "Although the State served Gray's counsel with its January 8, response, it did not serve a copy of the proposed findings of fact and conclusions it supplied the court." (Notice of Appeal at fn 1). This assertion is completely and absolutely incorrect. I prepared both my response and findings at the same time in a single WordPerfect document - just as I have in the approximately 1,300 Art. 11.07 responses I have written since I started working in Smith County. I then served both my response and the proposed finding of fact on counsel at the same time and in the very same envelope. They were in fact stapled together as a single document. If counsel received

my January 8 response, and he claims that he did, then he must also have received my proposed findings. I don't understand why counsel would make any assertion to the contrary. Similarly, I don't understand why a retained attorney, who alleges on his website that he is "Highly experienced and Board Certified in criminal law" would file notice of appeal in a court which traditionally lacks any jurisdiction.

## IV.   PRAYER

WHEREFORE, PREMISES CONSIDERED, the State prays that the Court find that the law has long provided that this Court lacks any jurisdiction to review the findings of fact and conclusions of law from a convicting court in a V.A.C.C.P. Art. 11.07 habeas application, and that the Court dismiss these appeals for want of jurisdiction.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas

Michael J. West
Assistant Criminal District Attorney
SBOT# 21203300
100 N. Broadway, 4th Fl.
Tyler, Texas 75702
(903) 590-1720
(903) 590-1719 (fax)
mwest@smith-county.com

## Certificate of Service

I hereby certify that a copy of the State's Answer to Applicant's application for writ of habeas corpus was served by U.S. Mail, on February 12, 2015, on the attorney for Applicant, Mr. James Volberding, Attorney at Law, 100 E. Ferguson, Ste. 500, Tyler, Texas 75702.

_____
Michael J. West

## VERIFICATION

STATE OF TEXAS

SMITH COUNTY, TEXAS

BEFORE ME, the undersigned authority, a notary public in and for the State of Texas, on _February 12, 2015_, personally appeared _Michael West_, representing the State of Texas as Assistant Criminal District Attorney in the above captioned cause, and having been by me first duly sworn, stated that the facts set out in this motion are within his personal knowledge and are true and correct.

_____
NOTARY PUBLIC - State of Texas

DARRELL W. ROWE
Notary Public
State of Texas
My Comm. Expires 04-07-2018